859 F.2d 241
 273 U.S.App.D.C. 265
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Souheil E. ELIA, Appellant,
v.
ALLSTATE INSURANCE COMPANY.
 No. 87-7103.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 5, 1988.
 
 Before RUTH B. GINSBURG and SILBERMAN, Circuit Judges, and MILTON POLLACK, Senior Judge, United States District Court for the Southern District of New York.*
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and was briefed and argued by counsel. The court has fully reviewed the case and has determined from the issues presented that disposition by published opinion is not warranted. See D.C.Cir.R. 14(c). For the reasons stated by the district judge at trial on April 28, 1987, and in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment from which this appeal has been taken be affirmed.
 
 MEMORANDUM
 
 3
 Appellant concedes that only "category two" of the statutory provision at issue is relevant; he acknowledges that "the evidence presented does not substantiate a claim pursuant to categories one and three." Category two covered cases of
 
 
 4
 substantial and medically demonstrable permanent impairment which has significantly affected the ability of the victim to perform his or her professional activities or usual and customary daily activities[.]
 
 
 5
 District of Columbia Compulsory/No-Fault Insurance Act of 1982, repealed in 1986, Section 35-2105(b)(4).
 
 
 6
 At trial, plaintiff's principal physician stated that the district judge was correct in gathering that "except for the subjective complaints of intermittent pain ... the foot drop is the main problem." Joint Appendix at 126. Next, the physician testified that this impairment does not prevent Mr. Elia "from performing a normal occupation," except one involving "running or something similar to that." Id. In view of that acknowledgment, the language of the statute (substantial permanent impairment, significantly affecting performance of one's work or customary activities), and our review of the record, we are satisfied that the district judge 1) correctly interpreted the District of Columbia provision, and 2) properly determined that plaintiff did not present evidence sufficient to permit a jury verdict in his favor. We therefore affirm the district court's judgment granting defendant's motion for a directed verdict.
 
 
 
 *
 Sitting by designation pursuant to 28 U.S.C. Sec. 294(d)